IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-cr-00337-MHT-GMB |
| | ) | [WO] |
| | ) | |
| GILBERTO SANCHEZ | ) | |

## ORDER

On November 16 and 17, 2017, the Magistrate Judge convened a detention hearing pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f), at the conclusion of which the court denied the Government's Motion for the Revocation of the Defendant's Bond and Request for the Issuance of a Warrant (Doc. 44), but modified the conditions of the defendant's release to impose additional restrictions including home detention, location monitoring, and a prohibition against the practice of medicine. *See* Doc. 57.

In so doing, and for the reasons stated on the record during the hearing, the court made the following specific findings:

1.    The Government did not present sufficient evidence to establish probable cause to believe that the defendant committed the crime of attempted health care fraud in violation of 18 U.S.C. §§ 1347 and 1349 while on pre-trial release.

2.    The Government did present sufficient evidence to establish probable cause to believe that the defendant committed the crime of the unlicensed practice of medicine in violation of Alabama Code § 34-24-51 while on pre-trial release.

3. The Government did not establish by clear and convincing evidence that the defendant violated the condition of release that he "immediately surrender [his] medical license to the Alabama Board of Medical Examiners."

4. The Government did establish by clear and convincing evidence that the defendant violated the condition of release that he "avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: co-defendants."

5. The court's finding of probable cause to believe that the defendant committed the felony offense of the unlicensed practice of medicine while on pre-trial release resulted in a rebuttable presumption pursuant to 18 U.S.C. § 3148(b) that no condition or combination of conditions will assure that the defendant will not pose a danger to the safety of any other person or the community.

6. The defendant presented sufficient evidence to rebut this presumption for the reasons explained during the hearing.

7. Weighing all of the evidence presented during the hearing, there is a combination of conditions of release that will assure that the defendant will not flee or pose a danger to the safety of any other person or the community—specifically, the modified conditions imposed on the defendant following the hearing.

DONE this 20th day of November, 2017.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE