IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:17cr337-MHT** |
| | ) | **(WO)** |
| **GILBERTO SANCHEZ** | ) | |

ORDER

Upon consideration of defendant Gilberto Sanchez's motion for compassionate release (doc. no. 168) and the related briefing, it is ORDERED that defendant Sanchez's motion for compassionate release is denied without prejudice.

As an initial matter, the court lacks authority under the CARES Act to order the Bureau of Prisons to place him on home confinement.  The BOP has the sole authority to do so under the Act.  *See de Jesus v. Woods*, No. 2:19-CV-121-WHA, 2019 WL 3326199, at *4 (M.D. Ala. June 21, 2019), report and recommendation adopted, No. 2:19-CV-121-WHA, 2019 WL 3323736 (M.D. Ala. July 24, 2019).  Thus, to the extent Sanchez asks the court to order the BOP to place him on confinement,

the court cannot grant the requested relief.

Sanchez also seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1), which authorizes a court to modify a term of imprisonment in only certain limited circumstances. As relevant here, it states:

> "[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A).

Having considered the factors set forth in 18 U.S.C. § 3553(a), the court finds that Sanchez has failed to show that "extraordinary and compelling

2

reasons warrant" a reduction of his sentence at this time. 18 U.S.C. § 3582(c)(1)(A).  First, while Sanchez has health conditions that make him particularly susceptible to complications from COVID-19, the prison where he is incarcerated has had only two cases of COVID-19 in staff members, and none so far in the inmate population.  Second, there is no evidence in the record that the prison is unable to meet his medical needs.  *See* 18 U.S.C. § 3553(a)(2)(D).  Third, Sanchez committed a serious crime--running a "pill mill"--and has served only a small percentage of his 145-month sentence--a sentence which the court reached after rejecting a plea agreement for a lesser sentence. Balancing these factors, the court finds that a sentence reduction is not warranted at this time.

That said, the court is concerned by Sanchez's claims that the FPC Montgomery facility is not living up to its claims regarding frequently sanitizing inmate living areas, that inmates do not have access to sanitizing products, and that multiple staff are not

wearing masks while interacting with others in the facility--a particularly reckless and dangerous choice, if true, as it is the staff who are most likely to introduce COVID-19 to the facility. The court also recognizes that Sanchez's health conditions could put him at risk of serious complications should he become infected with COVID-19. Thus, the court denies his motion without prejudice.

DONE, this the 4th day of June, 2020.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**